**FILED**

**May 15, 2023**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| Plaintiff, | § | **5:23-CV-105-C** |
| | § | |
| v. | § | CRIMINAL NO. 5:17-CR-00081-C |
| | § | |
| SHONNA LYNN CALAWAY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Defendant Shonna Lynn Calaway, proceeding pro se, filed three virtually identical sets of documents that were docketed as correspondence in this closed criminal case. Docs. 66, 67, 68. Each set of documents begins with an "Affidavit of Notice," and includes about 50 pages of miscellaneous attachments. Calaway does not expressly request any action from the Court in the correspondence. However, although the purpose of the correspondence remains unclear, Calaway appears to challenge the Court's jurisdiction over her criminal case and thus, her resulting imprisonment. She implies that she is entitled to immediate release and monetary damages. *See* Docs. 66, 67, 68 at 4. As explained below, the Court finds that Calaway's filings are frivolous. And, to the extent Calaway's filings could be liberally construed to seek habeas relief, her requests must be denied.

### I.    HABEAS CLAIMS

Courts must consider the essence of a pro se prisoner's claims rather than the label attached. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). "[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code." *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Title 28 provides two distinct mechanisms for post-conviction relief. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 "provides the primary means of collateral attack on a

federal sentence" and "is warranted for errors cognizable on collateral review that occurred at or prior to sentencing." *Cox v. Warden, Federal Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is properly used to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Id.* (citing *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996)); *Blau v. United States,* 566 F.2d 526, 527 (5th Cir. 1978). Ordinarily, if a prisoner challenges the validity of a federal sentence, it is properly considered as a § 2255 motion. *See Ojo v. I.N.S.,* 106 F.3d 680, 683 (5th Cir. 1997). But, under limited circumstances, a challenge to a federal sentence or conviction may be entertained under Section 2241 if the petitioner establishes that the remedy provided under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Pack*, 218 F.3d at 452.

Calaway's pro se correspondence attempts to challenge the validity of her conviction and her current confinement. So the Court liberally construes her recent filings as requests for habeas relief under Title 28. Calaway's challenge to the validity of her conviction and imprisonment best fits under the § 2255 umbrella. But the Court lacks jurisdiction to consider it under § 2255 because it would be a second or successive motion and Calaway has not demonstrated that she has received authorization from the Fifth Circuit. *See Adams v. Thaler*, 679 F.3d 312, 321 (5th Cir. 2012); 28 U.S.C. § 2244(b)(3)(A).[1]

Calaway's motions cannot not succeed under § 2241 either. A petitioner cannot show that § 2255 is inadequate or ineffective just because "petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion." *Pack*, 218 F.3d at 453. These two statutes are not interchangeable. *See McGhee,* 604 F.2d at 10 (explaining that "[a] petition for a writ of habeas corpus pursuant to [§] 2241 is not a substitute for a motion under [§] 2255."); *see also Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963) (*per curiam*) (noting that a § 2241

---

[1] Calaway's first § 2255 motion was denied and dismissed with prejudice by this Court on September 8, 2020. *See Calaway v. United States*, No. 5:19-cv-00253 at Docs. 5, 6. The Fifth Circuit denied Calaway's motions for certificate of appealability. *See id.* at Docs 9, 10.

petition "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under Section 2255").

In any event, federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). At a minimum, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

In sum, the Court lacks jurisdiction to consider Calaway's requests under § 2255, and she cannot show that she is entitled to relief under § 2241. Thus, her motions, construed as requests for habeas relief, must be **DENIED**.

Additionally, although pro se pleadings are generally entitled to the benefit of liberal construction, *see Haines v. Kerner*, 404 U.S. 519 (1972), a prisoner's pro se status does not create "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Martin v. Crain*, 2015 WL 1959447, at *1 (W.D. Tex. Apr. 29, 2015), *R&R adopted,* 2015 WL 4395390 (W.D. Tex. July 16, 2015) (quoting *Farguson v. MBank Houston*, *N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). As explained below, because Calaway raises only frivolous sovereign citizen arguments, the Court also finds that the motions are frivolous.

## II.    SOVEREIGN CITIZEN ARGUMENTS

"The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016).

Calaway's claims here are textbook examples of sovereign-citizen arguments, which courts consistently reject as frivolous. *See Walker v. Lumpkin*, No. 4:21-CV-723, 2021 WL 4168774 (N.D. Tex. Aug. 25, 2021) (collecting cases). Calaway's "Affidavit of Notice" identifies her as "a real flesh and blood State Citizen" and "Secured Party." Later, in an attached "affidavit of truth,"

3

Calaway declares that she is a "Sovereign in a collective capacity with other sovereigns" and is "above the corporate government" of the State of Texas and the United States of America.

She conflates criminal law and procedure with miscellaneous concepts—both real and fictional—from commercial law, contract law, and common law. Her attachments include copies of the judgment of conviction in this case, over which she has stamped "THIS PROPERTY IS ACCEPTED FOR VALUE AND EXEMPT FROM LEVY PLEASE ADJUST THIS ACCOUNT AND RELEASE ALL PROCEEDS, PRODUCTS, ACCOUNTS, FIXTURES AND ORDERS TO ME IMMEDIATELY." She also attaches miscellaneous forms from the UCC, as well as fictional legal documents. For example, she includes a "UCC Financing Statement" ostensibly designating herself as a "TRUST," with a "COMMON LAW COPYRIGHT NOTICE," declaring her name as copyrighted or trademarked property. In short, she invents her own rules and demands that the Court adheres to them.

Courts routinely dismiss these types of claims because they are indisputably meritless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied*, 565 U.S. 1226 (2012) (stating that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993) (describing the "sovereign citizen" defense to jurisdiction as "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" defense to prosecution as having "no conceivable validity in American law"); *Martin v. McConnell*, No. 1:20-CV-079-P, 2020 WL 1970559, at *2 (W.D. La. Apr. 1, 2020) (stating "habeas claims relying on the UCC and trust laws have been repeatedly rejected" and citing cases); *Dunham v. Davis*, 3:18-CV-0179, 2018 WL 3213241, at *1 (S.D. Tex. June 29, 2018) (rejecting "flesh-and-blood man" and "sovereign citizen" claims as a basis for habeas relief); *Berman v. Stephens*, 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (denying habeas petition relying on UCC and "secured party sovereign" theory as frivolous); *Figueroa-Hernandez v. Figueroa*

4

*Hernandez*, No. 7:08-CV-00498, 2008 WL 4533940, at *3 (W.D.Va. Oct. 7, 2008) (finding "no grounds upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement"); *accord Westfall v. Davis*, No. 7:18-CV-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (collecting cases).

### III.    CONCLUSION AND WARNING

Calaway challenges the validity of her conviction and sentence; however, she has failed to show that she can obtain relief under either § 2255 or § 2241. Thus, the Court construes Calaway's correspondence as a request for habeas relief but concludes that the request must be **DENIED**. For indexing purposes, the Clerk shall open a new civil action (Nature of Suit 530, Cause 28:2241, directly assigned to the undersigned Senior United States District Judge) with Doc. 66 as the originating document. The Clerk is further instructed to docket Docs. 67 and 68 as duplicate petitions in the new civil action. Finally, the Clerk is instructed to docket this Order in the new civil action, and close the case based on this Order.

Moreover, Calaway's sovereign-citizen arguments are wholly frivolous. Frivolous filings consume inordinate amounts of scarce judicial resources and may delay the courts' hearing of valid complaints. *See Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir. 1994). The Supreme Court has recognized that "[e]very paper filed with [the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Calaway is **WARNED** that if she continues to file frivolous complaints, petitions, motions, or other documents, then the Court will impose sanctions against her. The Court may assess a monetary fee, dismiss a complaint with prejudice, bar her from filing pleadings without first obtaining the Court's permission, or any combination of these sanctions.

The Clerk is **DIRECTED** to **UNFILE** Calaway's correspondence (Docs. 66, 67, and 68) from the docket of this closed criminal case. Calaway is **BARRED** from filing any further motions or other documents in this closed criminal case without first obtaining leave of court. Any motion

5

for leave must clearly identify the purpose of the document to be filed, explain the basis of the

Court's jurisdiction over the document, and attach a complete copy of the document proposed to be

filed. Any document filed in violation of this Order will not be considered or reviewed by the Court.

**SO ORDERED.**

Dated May _15_, 2023.

SAM R. CUMMINGS
Senior United States District Judge